UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNETONKA MOCCASIN COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-10<br><br>Defendants. | Case No. 22-cv-00087 (PJS/TNL)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(F) CONFERENCE TO IDENTIFY DOE DEFENDANTS** |

## I. INTRODUCTION

Minnetonka Moccasin Company, Inc. ("Minnetonka") respectfully requests that the Court grant it leave to conduct discovery prior to the Rule 26(f) conference to identify the Doe Defendants, including serving the two subpoenas attached as Exhibits 1 and 2 to this Motion. The Doe Defendants in this case are persons or entities that supplied unauthorized resellers with Minnetonka products that the unauthorized resellers then resold on Amazon. In making such sales, the Doe Defendants violated their contracts with Minnetonka. Exhibit 1 is a subpoena upon Non-Party Amazon.com, Inc. ("Amazon") seeking information that one of the unauthorized sellers, DOEMA Inc. d/b/a "The Lion Group" ("DOEMA"), provided to Amazon to it regarding its sources. Exhibit 2 is a subpoena upon Non-Party DOEMA seeking information about its sources.

## II. ARGUMENT

In this action, Minnetonka has named unknown John Does as Defendants and seeks discovery to uncover their identities so that Minnetonka can ascertain which of its contracts

are being breached. The Eighth Circuit allows plaintiffs to bring actions against Doe Defendants and then "identify the [defendants] through discovery." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Other Circuits have also approved of this process. *See, e.g.*, *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 596 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can sometimes proceed against a 'John Doe' defendant as a placeholder . . . at least when discovery is likely to reveal the identity of the correct defendant and good faith investigative efforts to do so have already failed."); *David v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn the identities of" defendants); *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009); *Paulinus Chidi Njoku v. Unknown Special Unit Staff*, No. 99-7644, 2000 U.S. App. LEXIS 15695, at *2 (4th Cir. July 7, 2000) (per curiam) (John Doe actions are appropriate "when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery."); *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007); *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 572 (6th Cir. 2010), *overruled in part on other grounds by Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 775 & n.3 (2020); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Young v. Transportation Deputy Sheriff*, 340 F. App'x 368, 369 (9th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

A plaintiff may seek discovery prior to a Rule 26(f) conference upon a showing of "good cause for expedited discovery." *Urban Armor Gear, LLC v. Does*, *v. Does*, 2019

U.S. Dist. LEXIS 189264, at *5 (D. Neb. Oct. 30, 2019). For example, in *Urban Armor Gear*, the court found good cause for pre-Rule 26(f) discovery to identify John Doe Defendants because, "[w]ithout granting Plaintiff's discovery request, it is doubtful that Plaintiff will be able to identify the John Doe Defendants and this litigation will be unable to proceed." *Id.* Furthermore, "there is no indication that Plaintiff 'has any reasonable alternative to . . . subpoenas to obtain the [identity] of the John Doe Defendants." *Id.*

As in *Urban Armor Gear*, good cause for discovery into the John Doe Defendants' identities exists here. Minnetonka must identify the John Doe Defendants in order to proceed with its lawsuit, and its proposed subpoenas are highly likely to successfully identify the defendants because DOEMA has conceded that it has shared documents identifying those defendants with Amazon. *See id.* ¶ 19. Furthermore, it has no way of identifying those defendants without subpoenas because DOEMA has refused to identify those defendants voluntarily. *See* Compl. ¶ 21. Indeed, given the difficulty of identifying Amazon seller defendants without discovery, courts in this circuit have permitted third-party discovery to identify such defendants. *See, e.g.*, *Urban Armor Gear*, 2019 U.S. Dist. LEXIS 189264, at *5 (allowing subpoena on Amazon to identify unauthorized third-party sellers); *United Pet Grp., Inc. v. Mogylevets*, 2014 U.S. Dist. LEXIS 104555, at *2 (D. Mo. July 31, 2014).

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Minnetonka to issue subpoenas to Amazon and unauthorized resellers to uncover the John Doe Defendants' true identities.

Date: January 19, 2022                    */s/ Jason T. Johnson*
                                          Jason T. Johnson (MN #0399974)
                                          Caryn A. Boisen (MN #0277344)
                                          **LARSON · KING LLP**
                                          2800 Wells Fargo Place
                                          30 E. Seventh Street
                                          St. Paul, MN 55101
                                          (651) 312-6500
                                          cboisen@larsonking.com
                                          jjohnson@larsonking.com

                                          *Attorneys for Minnetonka Moccasin Company, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this brief meets the formatting and type-volume requirements set by Local Rule 7.1(f). This brief is printed in 13-point, proportionately-spaced typeface utilizing Microsoft Word for Office 365 and contains 751 words, including all headings, footnotes, and quotations.

Date: January 19, 2022                    */s/ Jason T. Johnson*
                                          Jason T. Johnson (MN #0399974)
                                          Caryn A. Boisen (MN #0277344)
                                          **LARSON · KING LLP**
                                          2800 Wells Fargo Place
                                          30 E. Seventh Street
                                          St. Paul, MN 55101
                                          (651) 312-6500
                                          cboisen@larsonking.com
                                          jjohnson@larsonking.com

                                          *Attorneys for Minnetonka Moccasin Company, Inc.*