## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Minnetonka Moccasin Company, Inc.,

                Plaintiff,

v.

John Does 1-10,

                Defendants.

Case No. 22-cv-87 (PJS/TNL)

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference to Identify Doe Defendants, ECF No. 5. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

## I.   BACKGROUND

On January 14, 2022, Plaintiff Minnetonka Moccasin Company, Inc. filed suit against Defendants John Does 1-10. Compl., ECF No. 1. Plaintiff alleges that Defendants breached their contracts with Plaintiff. Compl. ¶ 24.

According to the Complaint, Plaintiff manufactures handcrafted footwear and sells its products exclusively direct-to-consumer or through "Authorized Resellers." Compl. ¶¶ 6-7. Authorized Resellers must agree to comply with Plaintiff's "Authorized Reseller Program," which requires Authorized Resellers to follow Plaintiff's policies regulating sales in the United States and abide by Plaintiff's product quality control, customer service, and branding requirements. Compl. ¶¶ 8-9. The program prohibits Authorized Resellers from selling Plaintiff's products on online marketplaces such as Amazon.com ("Amazon")

unless Plaintiff has approved them and they have agreed to follow certain requirements. Compl. ¶¶ 8-10.  Authorized Resellers are also prohibited from transferring products to an "unauthorized reseller" because "[u]nauthorized resellers are not contractually required to follow [Plaintiff's] requirements, and could ship poor-quality products to consumers and cause consumers to associate [Plaintiff's] brand with lower-quality resellers."  Compl. ¶¶ 11-12.

Plaintiff alleges that it discovered unauthorized resellers selling its products on Amazon while monitoring the sale of its products online.  Compl. ¶ 17.  Plaintiff then "contacted several of the unauthorized resellers in hopes of ascertaining their sources of [Plaintiff's] products."  Compl. ¶ 18.  One unauthorized reseller, DOEMA Inc. d/b/a "The Lion Group" ("DOEMA"), informed Plaintiff that it purchased the products it was selling directly from Plaintiff's Authorized Resellers, that it had "invoices from [Plaintiff] proving this, and that it had provided those invoices to Amazon."  Compl. ¶ 19.  According to the Complaint, DOEMA has refused to provide any invoices to Plaintiff.   Comp. ¶ 22. DOEMA's owner claimed that he owns several retail stores that purchase products directly from Plaintiff, but he did not disclose the name of the retail stores that are alleged to be in privity with Plaintiff and that would be Authorized Resellers.  Compl. ¶ 20.  DOEMA also refused to identify any of the retail stores that it allegedly owns and uses to acquire Plaintiff's products.  Compl. ¶ 22.

Plaintiff alleges that it has not approved DOEMA to sell its products online.  Compl. ¶ 21.  Plaintiff contends that it cannot ascertain the source of DOEMA's products or the veracity of DOEMA's representations.  Compl. ¶¶ 21, 23.  Plaintiff contends that the

2

Authorized Resellers who provided Plaintiff's products to DOEMA and other unauthorized resellers have breached the Authorized Reseller Program.  Compl. ¶ 24.

Plaintiff states that despite its efforts, it has been unable to identify the Authorized Resellers who supplied DOEMA or other unauthorized resellers or the retail locations that DOEMA allegedly used to acquire Plaintiff's products.  Compl.  ¶ 25.  According to Plaintiff, DOEMA has intentionally concealed its suppliers.  Compl. ¶ 25.  Plaintiff contends that based on the information provided, DOEMA and Amazon would have invoices showing where DOEMA acquired Plaintiff's products and DOEMA would also know what retail locations it owns and uses to acquire Plaintiff's products.  Compl. ¶ 26. Plaintiff argues that discovery in this matter will allow Plaintiff to identify each Defendant's true name and address, and Plaintiff will amend the Complaint accordingly when those true names and addresses are discovered.  Compl. ¶ 27.

On January 19, 2022, Plaintiff filed a Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference to Identify Doe Defendants.  ECF No. 5.  Plaintiff contends that it must conduct early discovery to identify the John Doe Defendants that supplied Plaintiff's products to unauthorized resellers and thus breached their contracts with Plaintiff.  Pl.'s Mem. in Supp. at 1-2, ECF No. 7.  Plaintiff seeks to subpoena Amazon and DOEMA for information that DOEMA provided to Amazon regarding its sources.  *Id*. at 1.  Plaintiff argues that its proposed subpoenas are highly likely to identify successfully the John Doe Defendants because DOEMA has conceded that it has shared documents with Amazon identifying the Defendants.  *Id*. at 3.

Plaintiff requests the following information from Amazon:

[1] Please produce all communications between [Amazon] and [DOEMA] or any person affiliated with [DOEMA].

[2] Please produce all documents relating to [DOEMA's] source of [Plaintiff's] Products, including any invoices or other documents submitted to Amazon by [DOEMA] to substantiate [DOEMA's] permission to sell [Plaintiff's] Products or otherwise verify the authenticity of [Plaintiff's] Products it sells.

[3] Please produce all documents containing records or information relating to sales of [Plaintiff's] Products through [DOEMA], including the dollar amounts and dates of each sale, from 2019 through the present.

Ex. 1, ECF No. 7-1.

Plaintiff requests the following information from DOEMA:

[1] Please produce all documents relating to persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products, including but not limited to all documents containing Contact Information of persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products.

[2] Please produce all sales records, invoices, account credits, or other documents relating to [Plaintiff's] Products [DOEMA] ha[s] purchased or received.

[3] Please produce copies of all invoices provided to Amazon that show the source of [Plaintiff's] Products that [DOEMA] ha[s] sold or ha[s] offered for sale on Amazon.

Ex. 2, ECF No. 7-2. Plaintiff contends that it has no way of identifying the John Doe Defendants without the subpoenas. *Id*. at 3.

## II.    ANALYSIS

Litigants generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). In certain cases, however, early discovery before a Rule 26(f) conference is appropriate, particularly when the plaintiff cannot identify the defendant without such discovery. *See Strike 3 Holdings, LLC*

4

*v. Doe*, No. 18-cv-778 (PJS/HB), 2018 WL 2278111, at *3 (D. Minn. May 18, 2018). When a party moves for early discovery, courts within this District generally apply a "good cause" standard. *Council on Am.-Islamic Rels.—Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020); *Morbitzer v. Doe*, No. 21-cv-2038 (PJS/HB), 2021 WL 4273019, at *2 (D. Minn. Sept. 21, 2021). The party seeking early discovery must show "good cause—i.e., that the need for expedited discovery outweighs the prejudice to the responding party." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (quotation omitted).

To determine whether early discovery is appropriate, judges in this District have considered the factors identified in (1) this District's *Let Them Play MN* decision; and/or (2) the United States Court of Appeals for the Second Circuit decisions. *See Morbitzer*, 2021 WL 4273019, at *2. The factors articulated in *Let Them Play MN* include: "(1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." 517 F. Supp. 3d at 889 (quoting *ALARIS Grp., Inc. v. Disability Mgmt. Network, Inc.*, No. 12-cv-446 (RHK/LIB), 2012 WL 13029504, at *2 (D. Minn. May 30, 2012)); *see also Morbitzer*, 2021 WL 4273019, at *2; *Council on Am.-Islamic Rels.— Minnesota*, 497 F. Supp. 3d at 380. The factors that the Second Circuit considers are: (1) whether the plaintiff demonstrates a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim;

5

and (5) the objecting party's expectation of privacy.  *See Morbitzer*, 2021 WL 4273019, at *2 (citing *Paisley Park Enterprises, Inc. v. Ziani*, No. 18-cv-2556 (DSD/TNL), 2018 WL 6567828, at *3 (D. Minn. Dec. 13, 2018); *Strike 3 Holdings*, 2018 WL 2278111, at *3).

Having considered both the *Let Them Play MN* and Second Circuit factors, this Court concludes that both sets of factors support good cause for Plaintiff to conduct early discovery.

### A.  *Let Them Play MN* Factors

Again, under *Let Them Play MN*, the Court considers "(1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  517 F. Supp. 3d at 889.

First, Plaintiff's complaint requests relief, in part, for "[p]reliminary and permanent injunctions enjoining Defendants . . . from selling or otherwise supplying [Plaintiff's products] to resellers or selling [Plaintiff's] products on online marketplaces."  Compl. at 7-8.  While Plaintiff has not moved for a preliminary injunction, it appears that it intends to do so once it can identify the John Doe Defendants.  This factor weighs in favor of Plaintiff.

The second factor also weighs in favor of Plaintiff because Plaintiff's discovery requests, with some modifications and exceptions explained below, are sufficiently limited to obtain the identity of the John Doe Defendants.  "The purpose of expedited discovery is to allow a party to obtain *specific, limited, and identifiable pieces of information*,

particularly when . . . the suit cannot reasonably proceed without the information." *Id*. at 889-90 (emphasis added). A "request for early discovery related to John Doe Defendants is sufficiently specific where it only seeks evidence related to the identity of those individuals." *NCS Pearson, Inc. v. Does (1 Through 21)*, No. 20-cv-594 (SRN/ECW), 2020 WL 6581122, at *7 (D. Minn. Nov. 10, 2020); *see also Strike 3 Holdings,* 2018 WL 2278111, at *4 (finding that the "discovery request is specific [because Plaintiff] seeks only Defendant's name and address"). A request for early discovery is overly broad where it goes "beyond merely seeking information regarding the identity of the [John Does]." *NCS Pearson*, 2020 WL 6581122, at *5.

The Court finds that portions of Plaintiff's proposed subpoena for Amazon, with the Court's modifications below, insofar as they request the following information, are sufficiently specific because they are related to determining the identity of the John Doe Defendants:

> [2] Please produce all documents relating to [DOEMA's] source of [Plaintiff's] Products, including any invoices or other documents submitted to Amazon by [DOEMA] to substantiate [DOEMA's] permission to sell [Plaintiff's] Products or otherwise verify the authenticity of [Plaintiff's] Products it sells.

> [3] Please produce all documents containing records or information relating to **the identities, addresses, and contact information of all individuals and entities that have had** sales of [Plaintiff's] Products through [DOEMA] ̶,̶ ̶i̶n̶c̶l̶u̶d̶i̶n̶g̶ ̶t̶h̶e̶ ̶d̶o̶l̶l̶a̶r̶ ̶a̶m̶o̶u̶n̶t̶s̶ ̶a̶n̶d̶ ̶d̶a̶t̶e̶s̶ ̶o̶f̶ ̶e̶a̶c̶h̶ ̶s̶a̶l̶e̶,̶ from ̶2̶0̶1̶9̶ **2017** through the present.

The Court also finds that Plaintiff's proposed subpoena for DOEMA, with the Court's modifications below, is sufficiently specific because it similarly requests discovery related to determining the identity of the John Doe Defendants:

7

[1] Please produce all documents relating to persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products, including but not limited to all documents containing Contact Information of persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products.

[2] Please produce all sales records, invoices, account credits, or other documents **that identify individuals or entities, with addresses and contact information, if available,** relating to [Plaintiff's] Products [DOEMA] ha[s] purchased or received.

[3] Please produce copies of all invoices provided to Amazon that show the source of [Plaintiff's] Products that [DOEMA] ha[s] sold or ha[s] offered for sale on Amazon.

Courts have granted requests to serve similar subpoenas to obtain the identity of John Doe Defendants. *See, e.g., 3M Co. v. Individuals, P'ships, & Unincorporated Ass'ns Identified in Schedule "A,"* No. 20-cv-2348 (SRN/TNL), 2020 WL 6817650, at *6 (D. Minn. Nov. 20, 2020) (authorizing the plaintiff to serve subpoenas on relevant third parties sufficient to learn the identities of the defendants, account details, methods of payment, and sales histories, among others); *Urban Armor Gear, LLC v. Does*, 2019 U.S. Dist. LEXIS 189264, at *5 (D. Neb. Oct. 30, 2019) (authorizing the plaintiff to serve subpoenas demanding production of "[a]ll communications and documents relating to" the plaintiff and plaintiff's products); *United Pet Group, Inc. v. Does*, 2013 WL 4482917, at *3 (E.D. Mo. Aug. 20, 2013) (authorizing the plaintiff to "serve Rule 45 subpoenas on Amazon.com and other like entities to obtain information necessary to identify the Doe Defendants"). Here, the Court finds that the discovery requests listed above are sufficiently limited and specific to obtain the identity of the John Doe Defendants.

In addition to the modifications added by the Court to certain language in Plaintiff's proposed subpoenas, the Court finds that one of Plaintiff's discovery requests is not

sufficiently specific and is overly broad. Specifically, Plaintiff's request for Amazon to "produce all communications between [Amazon] and [DOEMA] or any person affiliated with [DOEMA]" is overly broad. This request goes well beyond Plaintiff's request for early "discovery to uncover [unknown John Doe Defendants'] identities." *See* Pl.'s Mem. in Supp. at 1-2. Unlike Plaintiff's other discovery requests, the request for all communications between Amazon and DOEMA is not specifically limited to communications regarding Plaintiff's products. It therefore is not sufficiently limited because it is not directed towards uncovering the identities of the John Doe Defendants in this case.

The third factor also weighs in favor of Plaintiff because early discovery is necessary for Plaintiff to properly identify Defendants and move forward with its lawsuit. *See Council on Am.-Islamic Rels.—Minnesota*, 497 F. Supp. 3d at 380 (finding the discovery to be necessary where the plaintiff sought the information "to identify any other potential parties to the suit"); *Morbitzer*, 2021 WL 4273019, at *3 (finding that "discovery is necessary for the [plaintiff] to properly identify the defendant, serve him or her, and advance the claim against that individual"). Plaintiff attempted to identify the defendants without subpoenas but DOEMA refused to identify them voluntarily. Pl.'s Mem. in Supp. at 3. Plaintiff must identify the John Doe Defendants to proceed with its lawsuit. *See Urban Armor Gear, LLC*, 2019 U.S. Dist. LEXIS 189264, at *4-5 ("Without granting [the p]laintiff's discovery request, it is doubtful that [the p]laintiff will be able to identify the John Doe Defendants and this litigation will be unable to proceed.").

The fourth factor, the burden on Defendants to comply with the requests, also weighs in favor of Plaintiff. The Court finds that there is little if any prejudice to the John Doe Defendants in permitting early discovery.

Lastly, "although the request [for early discovery] [wa]s made in advance of the usual discovery process, this is not enough to overcome the other factors." *See Council on Am.-Islamic Rels.—Minnesota*, 497 F. Supp. 3d at 380; *Morbitzer*, 2021 WL 4273019, at *3.

Having considered the factors from *Let Them Play MN*, this Court finds that Plaintiff has shown good cause to permit early discovery.

### B. Second Circuit Factors

This Court also finds that the Second Circuit factors, (1) whether the plaintiff demonstrates a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy, support good cause to permit early discovery. *See Morbitzer*, 2021 WL 4273019, at *2 (citations omitted).

The first factor weighs in favor of Plaintiff. Plaintiff has established a prima facie case for breach of contract. To succeed in its breach of contract claim, Plaintiff must demonstrate "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *General Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). In this case, Plaintiff alleges that Plaintiff and John Doe Defendants are parties to

an "Authorized Reseller Program" contract which prohibits Defendants from selling Plaintiff's products to resellers or selling the products on online marketplaces. Compl. ¶ 29. Plaintiff does not allege that there were any conditions precedent in the contract. Plaintiff further alleges that the John Doe Defendants materially breached the contract by selling and continuing to sell Plaintiff's products to unauthorized resellers for resale on Amazon. Compl. ¶ 30. Specifically, Plaintiff contends that Defendants' sale of its products to DOEMA and other unauthorized resellers breaches the Authorized Reseller Program's ban on sales to resellers. Compl. ¶ 31. Plaintiff also alleges that damages flow from the breach because Defendants' actions have harmed and continue to harm the integrity of Plaintiff's Authorized Reseller Program and Plaintiff's brand. Compl. ¶ 34. Additionally, Plaintiff contends that Defendants' ongoing sale of its products to unauthorized resellers continues to replenish their inventories of Plaintiff's products. Compl. ¶ 32. These allegations are sufficient to establish a prima facie case of breach of contract.

The second, third, and fourth factors were addressed by the *Let Them Play MN* discussion above and all weigh in favor of Plaintiff. Plaintiff does not have alternative means to obtain the subpoenaed information and the subpoenaed information is required in order to advance Plaintiff's claim. The John Doe Defendants' identities cannot be obtained through any publicly available source based on Plaintiff's current knowledge, but Amazon and DOEMA are likely to have it in discoverable form. Pl.'s Mem. in Supp. at 3. Plaintiff attempted to identify Defendants without subpoenas but DOEMA refused to identify them voluntarily. *Id*. Plaintiff contends it must identify the John Doe Defendants in order to proceed with its lawsuit. *Id*.

The final factor, the objecting party's expectation of privacy, also weighs in favor of Plaintiff.  Here, there is no objecting party, and John Doe Defendants have little to no expectation of privacy under the circumstances.  Defendants have "minimal Fourth Amendment-protected privacy in their contact information disclosed to an internet service provider, and that minimal privacy interest does not overcome the plaintiff's right to learn that information to pursue a claim against the subscriber provided good cause has been shown." *See Morbitzer*, 2021 WL 4273019, at *4.  As discussed above, Plaintiff has shown good cause to permit early discovery and has shown that the need for early discovery outweighs any prejudice to any other parties.

In sum, this Court finds that Plaintiff has shown good cause to permit early discovery under the *Let Them Play MN* and Second Circuit factors.

### III.   CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference to Identify Doe Defendants, ECF No. 5, is **GRANTED IN PART:**

   a. Plaintiff may immediately serve a subpoena on Amazon to the extent that it requests the following items be produced:

      i. "All documents relating to [DOEMA's] source of [Plaintiff's] Products, including any invoices or other documents submitted to Amazon by [DOEMA] to substantiate [DOEMA's] permission to sell [Plaintiff's] Products or otherwise verify the authenticity of [Plaintiff's] Products it sells"; and

      ii. "All documents containing records or information relating to the identities, addresses, and contact information of all individuals and

entities that have had sales of [Plaintiff's] Products through [DOEMA] from 2017 through the present."

b. Plaintiff may immediately serve a subpoena on DOEMA to the extent that it requests the following items be produced:

   i. "All documents relating to persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products, including but not limited to all documents containing Contact Information of persons from whom [DOEMA] ha[s] purchased or received [Plaintiff's] Products";

   ii. "All sales records, invoices, account credits, or other documents that identify individuals or entities, with addresses and contact information, if available, relating to [Plaintiff's] Products [DOEMA] ha[s] purchased or received"; and

   iii. "Copies of all invoices provided to Amazon that show the source of [Plaintiff's] Products that [DOEMA] ha[s] sold or ha[s] offered for sale on Amazon."

2. Plaintiff's Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference to Identify Doe Defendants, ECF No. 5, is **DENIED IN PART:**

   a. Plaintiff may not request that Amazon produce "all communications between [Amazon] and [DOEMA] or any person affiliated with [DOEMA]."

Date: April __8__, 2022                         *s/Tony N. Leung*
                                                _____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *Minnetonka Moccasin Company, Inc. v. Does*
                                                Case No. 22-cv-87 (PJS/TNL)